FILED
04-22-2021
Clerk of Circuit Court
Winnebago County, WI
2021CV000258
Honorable Teresa S.
Basiliere
Branch 1

EXHIBIT 1

STATE OF WISCONSIN
CIRCUIT COURT OF WINNEBAGO COUNTY

---

RENEE G. MOXON
351 W. 6th Avenue
Oshkosh, WI 54902

       Plaintiff,

UNITEDHEALTHCARE OF WISCONSIN, INC.
W1030-1000 10701 W. Research Drive
PO Box 26649
Wauwatosa, WI 53226-0649,

CASE NO.: 21 CV _____
Case Code: 30107
Personal Injury – Other

STATE OF WISCONSIN DEPT. OF HEALTH SERVICES
1 W. Wilson Street
PO Box 309
Madison, WI 53701-0309

       Involuntary Plaintiffs,

vs.

WALMART, INC.
702SW 8th Street
Bentonville, AR 72716-0555,

NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA
175 Water Street, 18th Floor
New York, NY 10038

       Defendants.

---

## COMPLAINT

**NOW COMES** the above-named plaintiff by her attorneys, Gregory R. Wright Law Offices, S.C., by Jenna N. Ashbeck, appearing in the limited scope set forth in the Notice of Limited Appearance, and for her claims for relief alleges as follows:

### PARTIES

1.     Plaintiff, Renee G. Moxon, is a single adult female who resides in Winnebago County

1

at 351 W. 6th Avenue, Oshkosh, Wisconsin 54902.

2.　　Involuntary Plaintiff, UnitedHealthcare of Wisconsin, Inc. (hereinafter "UnitedHealthcare") was and is now a domestic insurance corporation having its principal place of business located at W1030-1000 10701 W. Research Drive, Wauwatosa, Wisconsin, with a registered agent of CT Corporation System, 301 South Bedford Drive, Suite 1, Madison, Wisconsin 53703.

3.　　Involuntary Plaintiff, State of Wisconsin Department of Health Services, is a subdivision of the State of Wisconsin with its principal office located at 1 West Wilson Street, Madison, Wisconsin.

4.　　Defendant, Walmart, Inc., was and is now a Delaware business corporation with its principal place of business located at 702 SW 8th Street, Bentonville, Arkansas 72716-0555 and is engaged in and authorized to transact business in the State of Wisconsin. Its registered agent for Wisconsin is CT Corporation System, 8040 Excelsior Dr., Suite 200, Madison, Wisconsin 53717.

5.　　Defendant, National Union Fire Insurance Company of Pittsburgh, PA, (hereinafter "National Union Fire Ins.") was and is now a foreign insurance corporation having its principal place of business located at 175 Water Street, 18th Floor, New York, New York 10038. Its registered agent for Wisconsin is Corporation Service Company, 8040 Excelsior Dr. Suite 400, Madison, Wisconsin 53717.

**DESCRIPTION OF INCIDENT**

6.　　On or about April 26, 2018, Renee G. Moxon was injured while grocery shopping at Walmart Store #1430 located in Winnebago County at 351 S Washburn Street, Oshkosh, Wisconsin 54904. Shortly after turning into the condiment aisle, in or near aisle 10, Renee G. Moxon slipped and fell on pickle juice that had not been properly cleaned up. Renee G. Moxon fell to the floor resulting in injuries.

## FIRST CLAIM FOR RELIEF
## NEGLIGENCE CLAIM AGAINST WALMART, INC.

7. Plaintiff hereby incorporates by reference each and every allegation of paragraphs 1 through 6 above.

8. Upon information and belief, Walmart Store #1430 was, at all times material herein, owned, controlled and/or operated by Defendant, Walmart, Inc.

9. Defendant, Walmart, Inc., in the presence of one or more of its employees, negligently allowed the floor in the aisle near the pickles to become wet, slippery, hazardous, and unsafe for frequenters of Walmart Store #1430.

10. Defendant, Walmart, Inc., its employees and agents were negligent: (1) in failing to properly, adequately, and promptly clean up the spilled pickle juice in the subject aisle where Plaintiff, Renee G. Moxon, fell; (2) in failing to warn patrons and frequenters of the unsafe condition by use of signs, barricades or any other means; (3) in failing to properly inspect the area in question; (4) in failing to properly train and supervise employees of store #1430 regarding maintaining safe floor and work conditions; and (5) were otherwise careless and negligent.

11. The incident was proximately caused by the negligence of Defendant, Walmart, Inc., its agents and employees.

12. As a result of said incident, the plaintiff, Renee G. Moxon, suffered personal injuries for which she required and received medical attention, and which caused pain and suffering.

13. As a result of said incident, the plaintiff, Renee G. Moxon, suffered past, present and future pain and suffering, permanency, medical and other expenses, emotional distress, mileage and future earnings capacity loss.

## SECOND CLAIM FOR RELIEF
## SAFE PLACE VIOLATION AGAINST WALMART, INC.

14. Plaintiff hereby incorporates by reference each and every allegation of paragraphs 1 through 13 above.

15. Walmart Store #1430 is a place of employment as that is defined in Sec. 101.01, Wis. Stats., and is therefore subject to the provisions of Sec. 101.11, Wisconsin's Safe Place Act.

16. Defendant, Walmart, Inc., was an employer as that term is defined in Sec. 101.01, Wis. Stats., at the time of Plaintiff Renee G. Moxon's slip and fall incident.

17. Plaintiff, Renee G. Moxon, at the time of her fall, was a frequenter at store #1430 as that term is defined in Sec. 101.01, Wis. Stats.

18. Upon information and belief, Defendant, Walmart, Inc., and its employees and agents at Walmart Store #1430 had notice of the unsafe condition on the premises that resulted in Plaintiff's fall and subsequent injuries.

19. The above-described damages were proximately caused by the failure of Defendant, Walmart, Inc., its agents and employees to maintain the premises at Walmart Store #1430 in as safe a condition as the nature thereof reasonably permitted, and in failing to do so, are in violation of Wis. Stats., 101.11.

20. The above-described damages were proximately caused by the failure of Defendant, Walmart, Inc., its agents and employees, to furnish a place of employment safe for the frequenters thereof; to adopt and use methods and processes reasonably adequate to render such place safe; to properly inspect and maintain the premises and aisles as safe as its nature would reasonably permit; to properly train and supervise its employees and agents on keeping the floors and work areas safe; and to do every other thing reasonably necessary to protect the life, health, safety and welfare of such frequenters; in violation of Wis. Stats., 101.11.

### THIRD CLAIM FOR RELIEF
### LIABILITY CLAIM AGAINST NATIONAL UNION FIRE INS.

21. Plaintiff hereby incorporates by reference each and every allegation of paragraphs 1 through 20 above.

22. Prior to April 26, 2018, National Union Fire Ins., for value, issued a policy of insurance to Defendant, Walmart, Inc., insuring it, its agents and employees, against any liability for damages sustained of any kind due to their negligence.

23. That the National Union Fire Ins. policy was in full force and effect on April 26, 2018 and under said policy as well as the laws of the State of Wisconsin, said insurance company is liable to the plaintiff herein for the damages and injuries caused by the negligence of Defendant, Walmart, Inc., its agents and employees.

### FOURTH CLAIM FOR RELIEF
### CLAIM OF UNITEDHEALTHCARE

24. Plaintiff hereby incorporates by reference each and every allegation of Paragraphs 1 through 23 above.

25. Involuntary Plaintiff, UnitedHealthcare, claims to have made certain payments for medical expenses on behalf of plaintiff, Renee G. Moxon, regarding the accident described above and for that reason, may possess an interest in and to the claim of plaintiff, Renee G. Moxon, herein as a subrogated party.

### FIFTH CLAIM FOR RELIEF
### CLAIM OF STATE OF WISCONSIN DEPARTMENT OF HEALTH SERVICES

26. Plaintiff hereby incorporates by reference each and every allegation of paragraphs 1 through 25 above.

27. Involuntary Plaintiff, State of Wisconsin Department of Health Services, claims to have made certain payments for medical expenses on behalf of the plaintiff, Renee G. Moxon,

regarding the accident described above and for that reason, may possess an interest in and to the claim of plaintiff Renee G. Moxon, herein as a subrogated party.

**WHEREFORE,** plaintiff prays for judgment as follows:

A.   For compensatory damages for Renee G. Moxon's past, present and future pain and suffering and emotional distress;

B.   For compensatory damages for Renee G. Moxon's past and future medical and other expenses, vocational impairment and mileage;

C.   For an order declaring that the plaintiff's rights are superior to that of any subrogated party and extinguishing any subrogation lien asserted by any subrogated party associated with this case.

D.   For costs, disbursements and actual attorney's fees incurred in this action; and

E.   For any other relief as this Court deems just and equitable under the circumstances.

**PLAINTIFF DEMANDS TRIAL BY JURY OF TWELVE PERSONS**

Dated this 22nd day of April, 2021

GREGORY R. WRIGHT LAW OFFICES, S.C.
Attorney for Plaintiff

*Electronically Signed by*
**Jenna N. Ashbeck**
Jenna N. Ashbeck
State Bar No. 1096111

Mailing Address:
50 West Montello Street
P.O. Box 280
Montello, WI 53949-0280
P: (608) 960-9951
F: (608) 509-9132
jashbeck@gregwrightlaw.com